(61 Misc. Rep. 144.)

### KENNEY v. HARLEM SAV. BANK.

(City Court of New York, Trial Term. November, 1908.)

1. BANKS AND BANKING (§ 301*)—SAVINGS BANKS—PAYMENT OF DEPOSIT.

A by-law of a savings bank provided that payments to persons presenting a passbook issued by the bank should discharge the bank, though the bank would endeavor to prevent fraudulent payments. *Held* a contract by the bank to take ordinary care not to pay others than the depositor, but saving it harmless on payments of the deposit to one other than the person rightfully entitled thereto on presentation of the passbook.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159–1176; Dec. Dig. § 301.*]

2. BANKS AND BANKING (§ 301*) — SAVINGS BANKS — PAYMENT OF FORGED DRAFTS.

Plaintiff, making a deposit in a savings bank, was at the time unable to write, but made his mark. Thereafter, having learned to write, he signed his name in the signature book, and brought action thereafter to recover moneys paid out on alleged forged drafts. It was conceded that plaintiff personally never drew any money, but he roomed with one who, from his intimate acquaintance with him, was able to answer all the identification questions asked by the bank's teller on presentation of the drafts. The teller testified that when a forged draft was paid the passbook was produced and a correct answer given to each of the questions, and there was nothing to arouse suspicion that the person presenting the passbook was not entitled to the same. *Held*, that the bank had fulfilled its obligation to exercise reasonable care to protect the depositor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1159–1172; Dec. Dig. § 301.*]

3. BANKS AND BANKING (§ 305*) — SAVINGS BANKS — PAYMENT OF DEPOSIT — LOSS OF BOOK.

Where the bank book of a depositor in a savings bank has been stolen, it will not defeat an action by the depositor to recover a balance to his credit in the bank that he is unable to produce the book, though there is a statutory requirement that no savings bank may make any payment except on production of the book.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 1181; Dec. Dig. § 305.*]

Action by Owen Kenney against the Harlem Savings Bank. Verdict for plaintiff. Motion for new trial denied.

Edward Mandel (Samuel I. Frankenstein, of counsel), for plaintiff. Reuben Mapelsden (Herbert S. Ogden, of counsel), for defendant.

McAVOY, J. Owen Kenney, the plaintiff herein, was a depositor in the defendant bank. The bank in the regular course of business had issued to him, as is customary, a savings bank book; and, at the time of opening the account, being then unable to write his name, he answered various identification questions, subscribing thereto his mark in lieu of a signature. Thereafter, having learned to write, he signed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his name in the signature book. It appeared that the extent of his knowledge of writing was limited to the mere ability to write the letters of his name. He had on deposit some $600, and it is conceded that he personally never drew any of the moneys paid out by the bank, and to recover which sums this action is brought. It seems that the plaintiff boarded with, and in fact was a countryman of, one Farley, whose acquaintance and intimacy with the plaintiff made him conversant with the answers to all of the identification questions asked by the bank teller, in case his suspicion was aroused by a change from the usual characteristics of Owen's signature. The paying teller testified that Kenney's signature varied at times; and this is reasonable and probable, because of the fact of his general inability to write, and the occasions of his writing being rather few.

Among the by-laws of the defendant bank, a copy of which was printed on the passbook and delivered to the plaintiff upon opening his account, is one reading as follows:

"Although the bank will endeavor to prevent frauds and impositions, yet all payments to persons presenting a passbook issued by it shall be valid payments to discharge the bank."

In effect, this provision was a contract with the plaintiff to take ordinary care not to pay to others than himself, but saving itself harmless in case the passbook, the indicia of ownership of the deposit, was produced by and paid upon to another than the one rightfully entitled thereto. The question, therefore, is whether the circumstances present a case in which it can be said, as matter of law, that the defendant exercised reasonable prudence, care, and oversight to prevent imposition upon it and loss of plaintiff's deposit. It seems to me that, in view of this provision of the by-law contained in the passbook delivered to plaintiff, of which he was aware, together with the fact that a variance in the signature of a person unaccustomed to write his name is not extraordinary, and the uncontradicted testimony of defendant's teller that, in each instance where a forged draft was paid, there was a production of the passbook and a correct answer given to each of the identification questions, and nothing else was called to the attention of the bank authorities to justify suspicion that possession of the passbook by the person presenting it was wrongful, the bank, in the exercise of such care as it was called upon to use, and in view of its business could use, for the protection of its depositors, was not called upon to do more.

It is a question of law for the court, in my opinion, whether or not the defendant failed to comply with the duty devolving upon it of exercising the reasonable care and diligence required to protect its depositors from fraud or larceny, where the proofs are conclusive and undisputed. It is the rule in this class of cases that, unless the force of the testimony with reference to compliance with the rules of the bank is impaired, rebutted, or destroyed, there is no possibility of any inference being drawn by a jury that the defendant violated the rule which required that, in paying over money to one in possession of the passbook, it exercise reasonable care and diligence. Wall v. Emigrant Industrial Savings Bank, 64 Hun, 252, 19 N. Y. Supp. 194.

The only question which, under any view of the facts, could possibly be for the jury, would be as to defendant's negligence in paying out upon these forged drafts 11 separate times. However this might be, I believe that the testimony of the plaintiff himself that he boarded and roomed with one Farley, who knew of his birthplace in Ireland, was in fact a fellow townsman, knew his parents' names, the surroundings of his home, and the usual knowledge a neighbor might acquire of another with whom he was intimate, supports a fair presumption that whatever negligence resulted in these fraudulent transactions was fairly attributable to the plaintiff in so carelessly guarding his passbook as to allow it to be taken, carried away, and used by one who might so easily make its possession effective to withdraw deposits.

I do not agree with defendant's contention that the complaint should be dismissed because of failure to produce the passbook, since it is conceded that the same is not in the possession of the plaintiff, even though there is a statutory requirement that no savings bank may make any payment except upon production of such passbook. The absence of the passbook cannot be regarded as destroying plaintiff's right to the balance of the deposit; and I hold that the requirement of the banking law is not conclusive in an action brought to recover a deposit, when loss and ownership of original book are undisputed, although it may be available to defeat a demand at the bank.

I therefore direct a verdict for the balance of the deposit in favor of the plaintiff, and deny the motion to set such verdict aside, and also deny the motion for a new trial.

Motion denied.